# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERT CULP, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:14-cv-01308 |
| ) | |
| UNITED STATES OF AMERICA, ) | Chief Judge Haynes |
| ) | |
| Respondent. ) | |

## ORDER

Movant Robert Culp, *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket Entry No. 1.) Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, this Court conducted a preliminary review of the motion and found that it plainly appeared from Movant's filing and the underlying record of prior proceedings that the present motion is barred by the one-year statute of limitations pertaining to § 2255 motions. 28 U.S.C. § 2255(f). Rather than dismissing the action outright, however, the Court directed Movant to show cause why this action should not be summarily dismissed on the basis that it is barred by the statute of limitations. (Docket Entry No. 2.) Movant has responded to the show-cause order (Docket Entry No. 5) but fails to show why this action should not be dismissed.

In February 2009, Culp pleaded guilty to Count III in a three-count superseding information, for possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced, pursuant to a sentencing agreement included in his plea agreement, to a prison term of 262 months in the custody of the Bureau of Prisons. The Court accepted the Plea Agreement and sentenced Culp to 262 months' imprisonment. Judgment

was entered on May 18, 2009. *United States v. Culp*, No. 3:08-cr-00225 (M.D. Tenn.). Culp did not pursue a direct appeal, so his conviction became final on June 2, 2009, when the time for filing a direct appeal expired. Fed. R. App. P. 4 & 26 (2009); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).

The motion under 28 U.S.C. § 2255 was filed on June 1, 2014 (Docket Entry No. 1), more than five years after entry of judgment. In his motion, Culp asserts only one ground for relief: that his defense counsel was ineffective because he failed to file a direct appeal in derogation of an unequivocal and timely request that he do so. Culp requests that he be granted leave to file a delayed direct appeal.

The Antiterrorism and Effective Death Penalty Act contains a one-year statute of limitations period during which a § 2255 motion to vacate sentence must be filed. *See* 28 U.S.C. § 2255(f). The statute of limitations begins to run from the latest of four circumstances, only one of which appears to be relevant here: the date on which the judgment became final by the conclusion of direct review. However, Culp did not file his § 2255 motion four years beyond the one-year time period permitted for filing such a motion. Culp has not argued that the statute of limitations should run from any other date nor shown that he is entitled to equitable tolling of the statute of limitations.

Culp insists that the only claim for relief in his motion is to be granted an out-of-time appeal. Such a claim is cognizable in a § 2255 motion as a claim of ineffective assistance of counsel where counsel failed to file a notice of appeal in derogation of his client's specific request that he do so. Culp admits in his motion, however, that he instructed his defense attorney on April 27, 2009 to file a notice of appeal. The attorney initially stated he would do so but "after

brief confrontation over the issues at hand he refused to proceed with the appeal altogether." (Docket Entry No. 1, at 14.) In other words, Culp knew in 2009 that his attorney refused to file a notice of appeal. He does not explain why he waited five years to file a § 2255 motion challenging his attorney's conduct and seeking permission to pursue a delayed appeal.

The § 2255 motion (Docket Entry No. 1) is **DENIED** on the basis that it is barred by the statute of limitations, and this action is **DISMISSED**.

Because the issue raised in the § 2255 motion is not "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court **DENIES** a certificate of appealability ("COA").

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58.

**ENTERED** this the 12th day of August, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court